**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUKHWINDER SINGH, | No. 05-71024 |
| Petitioner, | Agency No. A096-139-327 |
| v. | |
| ERIC H. HOLDER JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 3, 2012
San Francisco, California

Before: SILVERMAN, GRABER, and GOULD, Circuit Judges.

Petitioner Sukhwinder Singh petitions for review of the Board of

Immigration Appeals' ("BIA") denial of relief from removal. For the reasons

stated below, we grant the petition and remand for further proceedings.

1. As the government correctly concedes, the BIA erred in holding that

Petitioner failed to prove his entry date. See Cinapian v. Holder, 567 F.3d 1067,

_____

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1073 (9th Cir. 2009) ("Where, as here, the government alleges an alien's arrival date in its Notice to Appear, and the alien admits the government's allegation before the [immigration judge ("IJ")], the allegations are considered judicial admissions rendering the arrival date undisputed." (alteration and internal quotation marks omitted)).

2. Substantial evidence does not support the BIA's adverse credibility determination. See Singh v. Holder, 638 F.3d 1264, 1268–69 (9th Cir. 2011) (holding that this court reviews for substantial evidence the BIA's adverse credibility determination). The IJ cited many inconsistencies and implausibilities in Petitioner's testimony, but substantial evidence supports nearly none of them. For example, the IJ's reasoning that the police necessarily would have arrested Petitioner's family members after they moved to a different town is impermissible "speculation and conjecture" that cannot support an adverse credibility determination. Jibril v. Gonzales, 423 F.3d 1129, 1135 (9th Cir. 2005).

Viewed in isolation, substantial evidence supports the IJ's determination that Petitioner testified inconsistently with respect to the nature of his injuries. Ordinarily, if substantial evidence supports one non-trivial reason that goes to the heart of the claim, then we must uphold the adverse credibility determination. Li v. Ashcroft, 378 F.3d 959, 964 (9th Cir. 2004). Here, however, the BIA held that

the full weight of the many inconsistencies and implausibilities identified by the IJ were "sufficient to support" the adverse credibility determination. Because the BIA used a cumulative approach and because substantial evidence supports only one of the IJ's reasons, we will remand for an agency reevaluation. INS v. Orlando Ventura, 537 U.S. 12, 16–17 (2002) (per curiam). On remand, the agency may reconsider any of its decisions and need not deem Petitioner's testimony to be credible. See generally Soto-Olarte v. Holder, 555 F.3d 1089 (9th Cir. 2009) (describing the operation of the "deemed credible" rule).

3. Because the government asks us to remand the BIA's discretionary determination, and because that determination appears to have rested, in part, on its adverse credibility determination, we remand this issue to the BIA for its reconsideration as well. Orlando Ventura, 537 U.S. at 16–17.

**Petition GRANTED; REMANDED.**